**ATLANTIC CITY ELECTRIC COMPANY et al., Plaintiffs,**

v.

**A. B. CHANCE COMPANY et al., Defendants, and Electrical Equipment Antitrust Cases Pending in Various United States District Courts.**

United States Court of Appeals Second Circuit.

Motion Argued Jan. 31, 1963.

Decided Jan. 31, 1963.

---

James B. Henry, Jr., Webster, Sheffield, Fleischmann, Hitchcock & Chrystie, New York City (Kaye, Scholer, Fierman, Hays & Handler, New York City, on the brief), for Atlantic City Electric Co. and others, plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Atlantic City Electric Co. and others and Appalachian Power Co. and others, plaintiffs.

LeBoeuf, Lamb & Leiby, New York City, for Arkansas Power & Light Co. and others, Consolidated Edison Co. of New York, Inc., Niagara Mohawk Power Corp. and Orange and Rockland Utilities, Inc., plaintiffs.

Reid & Priest, Coudert Brothers, New York City, for Dallas Power & Light Co. and others, and Carolina Power & Light Co. and others, plaintiffs.

Winthrop, Stimson, Putnam & Roberts, New York City, for Consumers Power Co. and others, plaintiffs.

Edgar E. Barton, Porter R. Chandler, Ralph LaVerne McAfee, Brown, Wood, Fuller, Caldwell & Ivey, New York City (White & Case, Davis, Polk, Wardwell, Sunderland & Kiendl, Cravath, Swaine & Moore, New York City, on the brief), for A. B. Chance Co., and others, defendants.

Hughes, Hubbard, Blair & Reed, New York City, for Allen-Bradley Co., defendant.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Allis-Chalmers Mfg. Co., Carrier Corp., defendants.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, for C. H. Wheeler Mfg. Co., Clark Controller Co., Lapp Insulator Co., Inc., McGraw Edison Co., Ohio Brass Co., defendants.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for Cornell-Dubilier Electric Corp., Federal Pacific Electric Co., defendants.

Kissam & Halpin, New York City, for Cutler-Hammer, Inc., defendant.

Meyer, Kissel, Matz & Seward, New York City, for Foster-Wheeler Corp., defendant.

White & Case, New York City, for John T. Peters and General Electric Co., defendants.

Alexander & Green, New York City, for H. K. Porter Co., Inc., defendant.

Austin, Burns, Appell & Smith, New York City, for Ingersoll-Rand Co., defendant.

Haight, Gardner, Poor & Havens, New York City, for I-T-E Circuit Breaker Co., defendant.

Stickles, Hayden, Kennedy, Hort & Van Steenburgh, New York City, for Joslyn Mfg. & Supply Co., the Porcelain Insulator Corp., defendants.

Casey, Lane & Mittendorf, New York City, for Kuhlman Electric Co., defendant.

Cleary, Gottlieb, Steen & Hamilton, New York City, for Moloney Electric Co., Sangamo Electric Co., Wagner Electric Corp., defendants.

Laporte & Meyers, New York City, for Schwager-Wood Corp., defendant.

Clark, Carr & Ellis, New York City, for Southern States, Inc., defendant.

Allan D. Emil, New York City, for Square D Co., defendant.

Close, Griffiths, McCarthy & Gaynor, White Plains, N. Y. by Martin Drazen, White Plains, N. Y. for Ward Leonard Electric Co., defendant.

Cravath, Swaine & Moore, New York City, for Westinghouse Electric Corp., defendant.

Gallop, Climenko & Gould, New York City, for Worthington Corp., defendant.

Before LUMBARD, Chief Judge, and KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

We deny in open court leave to appeal under 28 U.S.C. § 1292(b) from the order of the District Court for the Southern District of New York, which provided for the use during the taking of the deposition of witness John T. Peters of testimony given by him before a grand jury sitting in the Eastern District of Pennsylvania. We deny also the petition for a writ of mandamus. After this application for leave to appeal under § 1292 (b) had been filed, but before it had been heard, this court on January 22, 1963, amended its rules to provide that such applications would be passed upon by a panel of this court instead of by all the active circuit judges as theretofore. Con-

sequently, Judges FRIENDLY, SMITH and HAYS having disqualified themselves from acting in this matter, the panel of the court before whom these applications were heard was designated by all the remaining active circuit judges to pass upon these applications.

The order in question was issued on December 18, 1962, by the Honorable George H. Boldt, United States District Judge for the Western District of Washington, sitting as a Special Master by designation, and was confirmed by Chief Judge Ryan on December 20. Prior to the issuance of the order, Judge Boldt had obtained and perused a copy of Peters' grand jury testimony pursuant to an order of Chief Judge Clary of the United States District Court for the Eastern District of Pennsylvania, dated October 23, 1962. Judge Clary's order provided that in connection with the National Deposition Program, set up to expedite discovery proceedings in the many electrical antitrust cases now pending,[1] the grand jury testimony of any witness would be released to a Deposition Judge on his request. If, after examining the testimony, the Deposition Judge determined that it should be made available in the deposition proceedings before him, he could so order; otherwise the testimony was to be returned to the District Court for the Eastern District of Pennsylvania.

The respondents have urged that since Judge Boldt's order is dependent on the prior order of Judge Clary in the Eastern District of Pennsylvania, the question whether grand jury testimony should be released to a private plaintiff in a civil action can be reviewed only by the Court of Appeals for the Third Circuit. We believe, however, that since it was Judge Boldt's order which effected the release of the testimony particularly in question here, we could review that order if review was otherwise proper.

■■ Nevertheless, we think that the circumstances do not warrant interlocu-

---

[1]. The National Deposition Program is an arrangement whereby the depositions of witnesses are taken in a central place and made available for use in all the pending cases.

tory review under 28 U.S.C. § 1292(b). The principles enunciated by the Supreme Court in Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), and United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), seem to us clearly to establish that a court may order the disclosure of grand jury minutes when there is a showing of special and compelling circumstances sufficient to overcome the policy against disclosure. See also United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 231–234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). Although in none of those cases was grand jury testimony released to a plaintiff in a civil action, there is nothing in either the policy favoring secrecy or the reasons underlying it, see Procter & Gamble, supra, 356 U.S. at 681, n. 6, 78 S. Ct. at 986, which suggests that a rigid rule of secrecy must be maintained in this one situation although not in others. We do not think it can be said that simply because disclosure is sought in aid of a recovery rather than to defend against recovery or criminal conviction, justice will never require disclosure to a civil plaintiff. This fact, in line with the principles of the cases cited, is relevant only in determining whether a sufficient need for disclosure has been shown in a particular case.

Since there was no absolute bar to disclosure, the sole question before us is the correctness of Judge Boldt's determination that the use of Peters' grand jury testimony was necessary to the proper conduct of the deposition proceedings. Judge Boldt found that many facts were disclosed in the grand jury testimony "of vital importance to essential issues in the * * * litigation which were not recalled or were denied by deponent in his deposition testimony," and that a "compelling need for disclosure * * * has been shown and that the ends of justice clearly require it." We are in a much less favorable position than Judge Boldt to consider these issues, which can be resolved only by examining and contrasting Peters' testimony in his deposition with the grand jury minutes.

Questions of this sort, involving the discretion of the judge in conducting pretrial discovery proceedings, should not be reviewed by an appellate court at this stage of a litigation except where there has been a manifest abuse of discretion. This is not the case here. Furthermore, to permit appellate review of this kind of discretionary discovery order, merely an intermediate step in these complex cases, would thwart rather than effectuate the purpose of § 1292(b) to "materially advance the ultimate termination of the litigation."

Application for leave to appeal and petition for writ of mandamus denied.

MARSHALL, Circuit Judge, concurs in the result.