**ALLIS–CHALMERS MANUFACTURING COMPANY et al., Appellants,**

v.

**CITY OF FORT PIERCE, FLORIDA,**
Appellee.

No. 20345.

United States Court of Appeals
Fifth Circuit.

Sept. 24, 1963.

234

S. Hazard Gillespie, Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, Hervey Yancey, Smathers & Thompson, Miami, Fla., for appellant Allis-Chalmers Mfg. Co.

David T. Searls, Vinson, Elkins, Weems & Searls, Houston, Tex., for appellant General Electric Company.

Harry B. Kelleher, Lemle & Kelleher, New Orleans, La., C. Robert Burns, Burns, Middleton, Rogers & Farrel, Palm Beach, Fla., Claude Pepper, Miami Beach, Fla., for appellant Westinghouse Electric Corp.

Merrell E. Clark, Jr., William C. Chanler, New York City, Errol S. Willes, Fort Pierce, Fla., Harold E. Kohn, Aaron M. Fine, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Winthrop, Stimson, Putnam & Roberts, New York City, for appellee; David Berger, Philadelphia, Pa., of counsel.

Before RIVES, CAMERON and HAYS,* Circuit Judges.

HAYS, Circuit Judge.

The order here appealed from was entered in the United States District Court for the Southern District of Florida by the Honorable George H. Boldt, United States District Judge for the Western District of Washington, sitting in the Southern District of Florida as a Special Master. It was approved and confirmed in all respects by the Honorable David W. Dyer, Chief Judge of the Southern District of Florida.

The order directs the disclosure of portions of the testimony of Joseph W. McMullen before a federal grand jury.

The order contained the statement under 28 U.S.C. § 1292(b) to the effect that a controlling question of law is involved as to which there is substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the litigation. This Court, by order filed February 18, 1963, granted leave to appeal from the interlocutory order of Judge Boldt and Chief Judge Dyer and the appeal was thereafter duly filed.

We now affirm the order.

The proceeding to which the order before us is incident is one of about 1800 such proceedings which have been brought in 33 federal district courts throughout the country. The complaints in these proceedings seek treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15, arising from defendants' activities in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The activities alleged were the subject of investigation by federal grand juries sitting in the Eastern District of Pennsylvania in 1959, 1960 and 1961, as a result of which indictments were returned charging certain corporations and individuals, among whom were the defendants in the present action, with violations of the antitrust laws, including price fixing, bid rigging and market allocation in connection with the sale of various items of heavy electrical equipment.

With a view to devising an orderly system for the handling of these cases, the Chief Justice of the United States appointed a committee of federal judges, under the chairmanship of Chief Judge Albert Murrah of the Court of Appeals for the Tenth Circuit. This committee has worked out a plan under which pretrial orders have been entered in each

* Of the Second Circuit sitting by designation.

of the districts in which proceedings are pending providing for the establishment of what is called a National Deposition Program. The central feature of the National Deposition Program permits taking a series of depositions each of which is to be considered as having been taken simultaneously in all the districts in which cases are pending.

It was in the course of taking the deposition of Joseph W. McMullen as a part of the National Deposition Program that the plaintiff requested access to the earlier testimony of Mr. McMullen before the federal grand juries.

In the course of taking depositions under the Program the issue of whether the plaintiff has a right to disclosure of grand jury testimony has arisen in a number of instances. On the occasion of the taking of the deposition of witness Allen, Chief Judge Clary of the United States District Court for the Eastern District of Pennsylvania, where the grand jury testimony is physically located, denied an application for disclosure of the grand jury testimony of the witness. At the same time Judge Clary held, after an extensive examination of the authorities:

"[T]he Grand Jury transcript of any witness deposed in this program, either in this district or in any other district of the United States in which these cases are pending, should be made available to the deposition Judge for use in his district."

Judge Clary continued:

"There may be and probably will be many instances during these national depositions when disclosure may be advisable. Were it not for the availability of Allen's summary of his Grand Jury testimony, this may have been just that sort of instance. The refusal to open Allen's testimony cannot rule out production where in camera examination by a deposition Judge uncovers material discrepancy or significant facts which the witness concealed, or failed to remember, at his deposition. Such disclosure as is necessary to uncover full and complete facts must be allowed. If, at the completion of any deposition taken in the national program, a motion is made for the production of that witness' Grand Jury testimony, and if the deposition Judge requests it from this Court for examination in camera, the testimony will be immediately made available to him. The deposition Judge may then contrast the Grand Jury testimony with the deposition and determine, in his own discretion, whether in the interest of justice there is compelling need for disclosure."

City of Philadelphia v. Westinghouse Elec. Corp., 210 F.Supp. 486 (E.D.Pa. 1962).[1]

In reaching his decision Judge Clary sought from the Department of Justice a statement of its position with respect to the court's ordering the disclosure of grand jury testimony. The Department made the following statement:

"'1. That such power exists in this Court.

"'2. That such power should be exercised only if and when the Court makes the same kind of determination as to the need for such disclosure that a trial court would usually make.

"'3. That such a determination requires an in camera examination of the transcript by this Court for the purpose of deciding whether or not the rule of justice will be better served by such disclosure than by non-disclosure, that is, whether the public interest in maintaining secrecy of the Grand Jury process is outweighed by a particularized showing that disclosure is needed to achieve a just result in this litigation.

1. Appellee's brief indicates that an appeal from Judge Clary's decision was dismissed by the Court of Appeals of the Third Circuit.

" '4. That where such a determination is made only so much of the transcript shall be disclosed as is needed to achieve this result.

" '5. That before any particular transcript is turned over, the Justice Department be given a reasonable opportunity to express its view as to the propriety of the contemplated turnover of the testimony in question.' "

In three cases decided before the order of Judge Clary was entered, access to the same grand jury records (In re Grand Jury Proceedings, 29 F.R.D. 151 (E.D. Pa.1961), aff'd 309 F.2d 440 (3d Cir., 1962); United States v. General Elec. Co., 209 F.Supp. 197 (E.D.Pa.1962)), and to the grand jury subpoenas (Application of State of California, 195 F.Supp. 37 (E.D.Pa.1961)) was denied. However in these cases, which were not connected with the National Deposition Program, plaintiffs sought access to grand jury records for general discovery purposes rather than for the limited purposes which were held by Judge Clary to be proper. The cases were distinguished by Judge Clary on this ground (210 F.Supp. at pp. 490–491), and they are likewise clearly distinguishable from the case with which we are presently dealing.

Since Judge Clary's order, disclosure has been directed in the case of six witnesses, three by Judge Boldt and three by Judge Feinberg of the Southern District of New York. Judge Boldt has denied an application for disclosure of the grand jury testimony of one witness.

Applications for interlocutory review have been denied in four cases by the Courts of Appeals in the Second, Third and Seventh Circuits (Atlantic City Elec. Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir., 1963); City of Philadelphia v. Westinghouse Elec. Corp., No. 14296 (3d Cir., 1963); Nairn v. Clary, 312 F.2d 748 (3d Cir., 1963); Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., No. 14027 (7th Cir., 1963)), and the grand jury records have been made available. In the case of the other three witnesses whose grand jury testimony

has been ordered disclosed we are informed in appellee's brief that the defendants have stated that they do not plan to appeal.

Judge Clary's order in the case of the witness Allen contained provision for the deposition judge's securing the grand jury testimony of a witness in advance of the taking of his deposition (210 F. Supp. p. 491). In accordance with this provision, Judge Boldt in the present proceeding, before the taking of McMullen's deposition had begun, requested and received the transcript of McMullen's grand jury testimony. As the taking of the deposition proceeded, Judge Boldt followed the grand jury testimony. On the fourth day of the deposition proceeding plaintiffs moved for disclosure of Mr. McMullen's testimony. Judge Boldt granted this motion. After the conclusion of the deposition he confirmed his prior order for disclosure. Judge Boldt's order for disclosure was "approved and confirmed in all respects" by Chief Judge David W. Dyer of the United States District Court for the Southern District of Florida.

J. W. McMullen, the deponent, disclosure of whose testimony was ordered in the present proceeding, was, at the time he testified before the grand jury, a Vice-President of appellant Allis-Chalmers and General Manager of its Power Equipment Division. In this position McMullen was charged with general supervision over the manufacture and sale of the type of heavy electrical equipment which was the subject of the grand jury indictments. McMullen testified before the grand jury in April, 1960, and in June, 1961. Eight of the indictments charged Allis-Chalmers as a defendant and in two it was charged as a co-conspirator. McMullen himself was named as a defendant in one indictment.

Judge Boldt's order for disclosure was based upon the following findings:

"A close and careful examination of deponent's Grand Jury testimony shows disclosure therein of many facts of vital importance to essential issues in the above captioned

litigation which were not recalled or were denied by deponent in his deposition testimony. * * *

"In my considered judgment all conditions for release of Grand Jury testimony specified in Judge Clary's opinion and order above referred to are fully met as to certain portions of deponent McMullen's testimony, and I find that a particular compelling need for disclosure thereof has been shown and that the ends of justice clearly require it."

In ordering "a copy of certain portions of the Grand Jury testimony to be delivered to lead counsel for plaintiffs," Judge Boldt said:

"The transcript will be so provided solely for the personal perusal of counsel attending the taking of the deposition and will be used only for such further interrogation of deponent as may be authorized. No part of the transcript shall be copied or reproduced in any form and the whole thereof shall be returned to the undersigned Judge when its use for the purpose stated has been completed."

■ At the outset it is suggested that we should dismiss this appeal because (1) there is no substantial doubt as to the answer to the question presented by the appeal, and (2) the policy as to disclosure of testimony given before a grand jury in the Eastern District of Pennsylvania should be dealt with by the Court of Appeals for the Third Circuit rather than by this Court. Both of these issues appear to be foreclosed by the order of this Court granting leave to appeal. But in any event the propriety of an order of disclosure of grand jury testimony entered by a district court within this circuit, particularly when the transcript of such testimony is in the hands of that court, is clearly subject to the decision of this Court of Appeals. See Atlantic City Elec. Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir., 1962). The Court of Appeals of the Third Circuit could hardly be expected to entertain an appeal from the district court for the Southern District of Florida.

Judge Boldt found there was "a particular compelling need" for disclosure and that "the ends of justice require [such disclosure]". Following the transcript as the taking of the deposition proceeded, he observed that there were "many facts of vital importance to essential issues * * * which were not recalled or were denied by deponent * * *."

Appellants argue that disclosure is not compellingly required because there are a number of procedures for discovery available to the plaintiffs. However there is no showing, nor apparently could there be any showing, that these alternate routes to the ascertainment of facts would serve the same purpose as disclosure of the grand jury testimony, namely to resolve discrepancies in the testimony and to bring out matters which the witness fails to recall. The deposition judge was in a particularly favorable position to determine this issue, both because of his general familiarity with the case through participation in the National Deposition Program, and because he was able to follow the transcript of grand jury testimony while the deposition was being taken.

■ Appellants take special exception to the reference in Judge Boldt's order to matters which "were not recalled," and argue that not even in criminal cases can grand jury testimony be obtained for the purpose of refreshing a witness's recollection. There are significant differences between procedural requirements in civil and criminal cases which make it unsafe to draw any analogy between the two with respect to such matters as the disclosure which we are now considering. Moreover the authorities cited by appellants, United States v. Spangelet, 258 F.2d 338 (2d Cir., 1958) and United States v. Zborowski, 271 F.2d 661 (2d Cir., 1959), fail to give any substantial support to the proposition that grand jury minutes are available in criminal cases only to show inconsistencies. In Spangelet the conviction was reversed on

grounds wholly unrelated to the issue of grand jury testimony. In the course of its opinion the court said 258 F.2d at p. 341:

> "However, it is now abundantly clear that a defendant's access to the grand jury minutes does not depend on a showing that the witness's testimony was inconsistent with that he gave before the grand jury."

The conviction in the Zborowski case was reversed because there *were* inconsistencies which required the disclosure of the grand jury minutes. This is far from saying that *only* inconsistencies justify requiring production of such minutes.[2] In any event the question must be considered to have been settled by the Supreme Court which held in United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940) that "use of grand jury testimony for the purpose of refreshing the recollection of a witness rests in the sound discretion of the trial judge." (310 U.S. p. 233, 60 S.Ct. p. 849, 84 L.Ed. 1129). See also United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

We can perceive no significant difference with respect to the necessity of disclosure of the grand jury testimony between matters which were "not recalled" and matters which were denied. Judge Clary remarked of one of the witnesses whose deposition was taken before him that when the record of previous testimony was made available to the opposition the witness's "memory became sharper and keener than it had been up to that time" (City of Philadelphia v. Westinghouse Elec. Corp., supra, 210 F.Supp. at pp. 487–488).

The real nub of the controversy is to be found in the delicate task of balancing

the policy which requires secrecy for the proceedings of the grand jury with the policy which requires that there be full disclosure of all available evidence in order that the ends of justice may be served. While the pronouncements of the Supreme Court on this issue do not give us a specific answer in each individual situation, they do provide guidance for the solution of the problem.

█ In United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the defendants moved under Rule 34 of the Rules of Civil Procedure, for disclosure of the grand jury minutes. The Supreme Court held that " 'good cause,' as used in Rule 34, was not established." The Court said, 356 U.S. at 681–682, 683, 78 S.Ct. at 986–987, 2 L.Ed.2d 1077:

> "[W]e start with a long established policy that maintains the secrecy of the grand jury proceedings in the federal courts.* See United States

> "* Rule 6(e) of the Rules of Criminal Procedure provides in part:
> " 'Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule.' "

> v. Johnson, 319 U.S. 503, 513 [63 S.Ct. 1233, 87 L.Ed. 1546]; Costello v. United States, 350 U.S. 359, 362;

---

2. The court said in describing the proper procedure of the district court that when no inconsistencies are found the judge should "seal the grand jury testimony." The court's dictum obviously meant that when there is a claim of inconsistency which is not supported by the judge's examination of the minutes, the minutes should not be made available. The language has no application to a situation where the request for the minutes is based upon some claim other than inconsistency.

[76 S.Ct. 406, 100 L.Ed. 397]. The reasons are varied.** One is to

** In United States v. Rose, 215 F.2d 617, 628–629, those reasons were summarized as follows:

" '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.' "

encourage all witnesses to step forward and testify freely without fear of retaliation. The witnesses in antitrust suits may be employees or even officers of potential defendants, or their customers, their competitors, their suppliers. The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This 'indispensable secrecy of grand jury proceedings,' United States v. Johnson, supra, [319 U.S.] at 513 [63 S.Ct. at 1238, 87 L.Ed. 1546], must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity. * * * " (356 U.S. pp. 681–682, 78 S.Ct. pp. 986–987, 2 L.Ed.2d 1077)

*     *     *     *     *     *

"We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.*** Those are cases of

*** See, e. g., United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 [60 S.Ct. 811, 84 L.Ed. 1129]. Cf. Jencks v. United States, 353 U.S. 657, [77 S.Ct. 1007, 1 L.Ed.2d 1103]."

particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to establish 'good cause.' The court made no such particularized finding of need in case of any one witness. It ordered that the entire transcript be delivered over to the appellees." (356 U.S. p. 683, 78 S.Ct. pp. 986–987, 2 L.Ed.2d 1077).

In Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959) the defendant demanded the grand jury testimony of a witness "relating to 'the same general subject matter' as his trial testimony. As authority for 'the automatic delivery of Grand Jury transcripts' ", counsel cited Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). The court denied that the Jencks case was applicable. It said 360 U.S. at pp. 398–99, 79 S.Ct. at pp. 1240, 1241, 3 L.Ed.2d 1323,

"Petitioners concede, as they must, that any disclosure of grand jury minutes is covered by Fed. Rules Crim.Proc. 6(e) promulgated by this Court in 1946 after the approval of Congress. In fact, the federal trial courts as well as the Courts of Appeals have been nearly unanimous in regarding disclosure as committed to the discretion of the trial judge.* Our cases announce

* E. g., United States v. Spangelet, 258 F.2d 338 [2 Cir.]; United States v. Angelet, 255 F.2d 383 [2 Cir]; United States v. Rose, 215 F.2d 617, 629 [3 Cir.]; Schmidt v. United States, 115 F.2d 394 [6 Cir.]; United States v. American Medical Ass'n, 26 F.Supp. 429 [D.C.]."

the same principle,** and Rule 6(e)

"** United States v. Socony-Vacuum Oil Co., 310 U.S. 150 [60 S.Ct. 811, 84 L.Ed. 1129] (1940). And see United States v. Procter & Gamble Co., 356 U.S. 677 [78 S.Ct. 983, 2 L.Ed.2d 1077] (1958); United States v. Johnson, 319 U.S. 503, 513 [63 S.Ct. 1233, 87 L.Ed. 1546] (1943)."

is but declaratory of it.*** As

" *** See Notes of the Advisory Committee on Rules, following Rule 6, Fed. Rules Crim.Proc."

recently as last Term we characterized cases where grand jury minutes are used 'to impeach a witness, to refresh his recollection, to test his credibility and the like' as instances of 'particularized need where the escrecy of the proceedings is lifted discretely and limitedly.' United States v. Procter & Gamble, 356 U.S. 677, 683 [78 S.Ct. 983, 2 L.Ed. 2d 1077] (1958)."

The Court then discussed the importance of preserving the secrecy of grand jury proceedings and continued:

"It does not follow, however, that grand jury minutes should never be made available to the defense. This Court has long held that there are occasions, see United States v. Procter & Gamble, supra, [356 U.S.] at 683 [78 S.Ct. at 986–987, 2 L.Ed. 2d 1077], when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial. Certainly 'disclosure is wholly proper where the ends of justice require it.' United States v. Socony-Vacuum Oil Co., supra, [310 U.S.] at 234 [60 S.Ct. at 849, 84 L.Ed. 1129],

"The burden, however, is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy. We have no such showing here. As we read the record the petitioners failed to show any need whatever for the testimony of the witness Jonas. They contended only that they had a 'right' to the tran-script because it dealt with subject matter generally covered at the trial. Petitioners indicate that the trial judge required a showing of contradiction between Jonas' trial and grand jury testimony. Such a preliminary showing would not, of course, be necessary. While in a colloquy with counsel the judge did refer to such a requirement, we read his denial as being based on the breadth of petitioners' claim. Petitioners also claim error because the trial judge failed to examine the transcript himself for any inconsistencies. But we need not consider that problem because petitioners made no such request of the trial judge. The Court of Appeals apparently was of the view that even if the trial judge had been requested to examine the transcript he would not have been absolutely required to do so. It is contended here that the Court of Appeals for the Second Circuit has reached a contrary conclusion. United States v. Spangelet [2 Cir.], 258 F.2d 338. Be that as it may, resolution of that question must await a case where the issue is presented by the record. The short of it is that in the present case the petitioners did not invoke the discretion of the trial judge, but asserted a supposed absolute right, a right which we hold they did not have." 360 U.S. at 400–401, 79 S.Ct. at 1241–1242, 3 L.Ed.2d 1323.

The Chief Justice and Justices Black, Douglas and Brennan dissented on the ground that the demand was sufficiently "particularized" and that the judge abused his discretion in denying access to the minutes.

See also United States v. Socony-Vacuum Oil Co., supra, where the Court said 310 U.S. at pp. 233–34, 60 S.Ct. at 849, 84 L.Ed. 1129:

"Grand jury testimony is ordinarily confidential. * * * But after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it."

■■ We conceive the effect of these opinions to be that, while the secrecy of grand jury proceedings is to be preserved against wholesale revelation, the needs of justice may require that limited portions of grand jury testimony be made available in particular instances to show inconsistencies and to refresh recollection. Whether in any given situation such testimony should be disclosed is left largely to the discretion of the trial judge. Only when there is a clear abuse of discretion in either giving or withholding disclosure will the trial judge's determination be reversed.

Rule 6(e) of the Rules of Criminal Procedure provides for disclosure upon direction of the court "preliminarily to or in connection with a judicial proceeding." Although appellants suggest that this Rule is not applicable to private civil litigation, the language is certainly broad enough to cover such litigation.

While the Courts of Appeals of the Second and Third Circuits have refused in companion cases to grant leave for interlocutory appeals and denied applications for mandamus, the reasons given for their action reveal to some extent the views of these Courts on the issue upon which we have granted the appeal. In Atlantic City Elec. Co. v. A. B. Chance Co., 313 F.2d 431, at p. 434 (2d Cir., 1963) the Court said:

> "The principles enunciated by the Supreme Court in Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), and United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), seem to us clearly to establish that a court may order the disclosure of grand jury minutes when there is a showing of special and compelling circumstances sufficient to overcome the policy against disclosure. See also United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 231–234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). Although in none of those cases was grand jury testimony released to a plaintiff in a civil action, there is

nothing in either the policy favoring secrecy or the reasons underlying it, see Procter & Gamble, supra, 356 U.S. at 681, n. 6, 78 S.Ct. at 986, which suggests that a rigid rule of secrecy must be maintained in this one situation although not in others. We do not think it can be said that simply because disclosure is sought in aid of a recovery rather than to defend against recovery or criminal conviction, justice will never require disclosure to a civil plaintiff. This fact, in line with the principles of the cases cited, is relevant only in determining whether a sufficient need for disclosure has been shown in a particular case.

> "Since there was no absolute bar to disclosure, the sole question before us is the correctness of Judge Boldt's determination that the use of Peters' grand jury testimony was necessary to the proper conduct of the deposition proceedings. Judge Boldt found that many facts were disclosed in the grand jury testimony 'of vital importance to essential issues in the * * * litigation which were not recalled or were denied by deponent in his deposition testimony,' and that a 'compelling need for disclosure * * * has been shown and that the ends of justice clearly require it.' We are in a much less favorable position than Judge Boldt to consider these issues, which can be resolved only by examining and contrasting Peters' testimony in his deposition with the grand jury minutes.

> "Questions of this sort, involving the discretion of the judge in conducting pretrial discovery proceedings, should not be reviewed by an appellate court at this stage of a litigation except where there has been a manifest abuse of discretion. This is not the case here."

In Nairn v. Clary, 312 F.2d 748 (3d Cir., 1963) the Court said:

> "It is manifest that the district court neither exceeded its jurisdiction nor

abused its discretion in entering the order challenged by the petitioners."

Defendants applied to Mr. Justice Harlan for a stay of the disclosure of the testimony involved in the Chance case. Denying the application Mr. Justice Harlan said:

"After due deliberation I have reached the conclusion that a stay should not issue. Putting aside the procedural issues, I am satisfied that in light of United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077; Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323, and the determinations made by the District Court, there is no reasonable expectation that certiorari will be granted by this Court with respect to the underlying question. In such circumstances the granting of a stay, already unanimously denied by the the Court of Appeals after obviously deliberate consideration of the matter, would not be justified. See Magnum Import Co. v. Coty, 262 U.S. 159, 163–164, 43 S.Ct. 533, 67 L.Ed. 922; Tri-Continental Financial Corp. v. United States, 80 S.Ct. 659, 4 L.Ed.2d 613." A. B. Chance Co. v. Atlantic City Elec. Co., 83 S.Ct. 964, 10 L.Ed. 2d 122, (1963).

Appellants stress in their argument the desirability of preserving the secrecy of grand jury proceedings. They cite United States v. Procter & Gamble, supra, and Pittsburgh Plate Glass Co. v. United States, supra. These cases do indeed support the proposition for which they are cited, i. e., the importance of the element of secrecy. But, as we have seen, each of the two cases is distinguishable on its facts from the present case. Moreover in both cases the Court discusses the standards which will justify making an exception to the general rule of secrecy. The issue is, therefore, not the importance of secrecy. That importance is granted by all and was accepted by Judge Boldt as a basic point of departure in the consideration of plaintiffs' application for disclosure. The issue is whether in the present case the standards for making an exception to the general rule of secrecy have been met.

■ We hold that disclosure of grand jury testimony is properly granted where there is a compelling need for such disclosure and such disclosure is required by the ends of justice. Disclosure even in these circumstances must be closely confined to the limited portions of the testimony for which there is found to be a particularized need.

■ The standards which we have set forth are the standards which were followed by Judge Boldt in ordering disclosure in the present case. As deposition judge, after in camera examination of the grand jury testimony, Judge Boldt found that "in several particulars obviously of utmost importance in this litigation, particular and compelling need * * * has been shown", and that "the ends of justice clearly require" disclosure.

The determination in a particular case of whether or not disclosure will be granted is properly to be left to the "sound discretion of the district court" (Pittsburgh Plate Glass Co. v. United States, supra; Atlantic City Elec. Co. v. A. B. Chance Co., supra.)

We find no reason to disturb the lower court's exercise of discretion in the present case. There is no showing that that discretion was abused.

Affirmed.

CAMERON, Circuit Judge (dissenting).

This is a private civil action for damages, between the buyer and sellers of equipment. The rules governing the trial of such a case are the Federal Rules of Civil Procedure, as interpreted by the federal courts, or as modified by agreement of the parties. The fact that this case is one of the eighteen-hundred-odd electrical anti-trust cases is not, in my opinion, a sufficient showing of the "particularized need in case of [this] one witness" required by the Supreme Court as a prerequisite to the opening up of

grand jury records. United States v. Procter and Gamble, 1958, 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077.

In general, I agree with many of the majority's abstract statements of the law governing the production of grand jury testimony. I agree that whether such records are to be produced is initially a decision to be made by the trial judge in the exercise of sound judicial discretion. The same standards apply here (though perhaps more strictly) that govern the production of documents, etc. by parties under Rule 34, or by third persons or parties under Rule 45, F.R.Civ.P. See Procter and Gamble, supra. In fact, it would seem that the utilization of one of these Rules is the only manner by which the records may be extracted from their custodian in a non-government case.

After a motion to quash of modify the subpoena is made under Rule 45, and when a motion to produce is made under Rule 34, the burden is on the party seeking production to show "good cause" and a "need" for the documents. Rules 34 and 45, F.R.Civ.P.; Procter and Gamble, supra; Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Herron v. Blackford, 5 Cir., 1959, 264 F.2d 723. Of course, in the case of an attempted disclosure of grand jury testimony, the interests at stake are not only those of the parties, or of the custodian, or of the grand jury witness who is called upon to testify, but also of the general public—an interest in preserving the traditional secrecy of the grand jury proceedings. Any workable concept of procedure would require that there be reasonable opportunity for an objection to be made. There was no such opportunity here.

As I understand the facts of this case, the deposition master was in possession of the transcript at all times, and had obtained it when these discovery proceedings began, under the authority of an opinion rendered by Chief Judge Clary of the District Court of the United States for the Eastern District of Pennsylvania, in another case, City of Philadelphia v. Westinghouse Electric Corp., E.D.Pa., 1962, 210 F.Supp. 486. The grand jury before whom the testimony here concerned was given sat in that district. But it would seem that production vel non is a decision for the judge trying the case in which the records are sought to be used.

In other words, no "particularized need" or "good cause" was shown before the testimony was released. As I read Judge Clary's ruling, any deposition master may obtain the transcripts in any of these cases at any time for his examination as discovery progresses. I believe this does not conform to the letter or spirit of the Rules and that the course followed observed much too loose a standard than that which must be used when dealing with "the grand jury as a public institution serving the community [which] might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." Procter and Gamble, supra, 356 U.S. at 682, 78 S.Ct. 987, 2 L.Ed.2d 1077. District Courts sitting in this Circuit are not, in my opinion, released from compliance with the Rules by Judge Clary's proffer and delivery of the minutes.

The particular problem before us has never been passed upon by the Supreme Court. At stake is a vast amount of secret testimony which may be disclosed in some eighteen hundred cases. It is my opinion that the procedure here utilized is not without manifest infirmity; and I am not willing to give countenance to it until so instructed by the Supreme Court.

I raise two other questions as to the correctness of the procedures followed below. The "need" relied upon by appellees seems to be revealed by hindsight. Compare the general proposition that the existence of "probable cause" is tested in the light of information available when action is taken, not in considering what is later discovered. Not until the master compared the testimony as disclosed in the transcript before him with the statements made by the witness could any need for disclosure have been demonstrated. Only he knew what he saw.

There was no other showing. Under such a procedure, evidence of need, if such can be shown, does not appear before the documents are produced.[1] Thereby the purpose of the requirements is defeated. This attitude does not necessarily contemplate that the showing of a contradiction between the deposition and the grand jury testimony must be made before the transcript can be released, Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 400–401, 79 S.Ct. 1237, 3 L.Ed.2d 1323; but at least there must be some factual showing of the need of *the particular witness' testimony* before the transcript is released. This seems to me to be the teachings of the latest Supreme Court cases relating to the subject, Procter and Gamble and Pittsburgh Plate Glass, supra.

The mere fact that these anti-trust cases are "complex, long drawn out, and expensive to prosecute" is no excuse. Procter and Gamble, supra, 356 U.S. at p. 683, 78 S.Ct. at pp. 986–987, 2 L.Ed.2d 1077. It is not here necessary to discuss what factual showings would suffice to invoke the discretion of the Court, for here no showing of any sort was made.

In my opinion, too, the principle is not here followed that disclosure should never be made solely for discovery purposes. In Judge Clary's opinion, Westinghouse, supra, 210 F.Supp. at p. 490, he expressly stated that rule. The government, in reply to Judge Clary's invitation for an expression of views on the subject stated: "It is the government's view that no disclosure should be made for discovery purposes."

The taking and use of depositions, insofar as here applicable, is governed for the most part by Rule 26, F.R.Civ.P. Depositions may be used for "discovery or for use as evidence." Rule 26(a). The deposition of witness McMullen was taken under Rule 26. Pre-Trial Order No. 8. The deposition-taking *was discovery;* the deposition taken *may or may not be used as evidence.* This is true of all depositions, i. e., until the trial on the merits, and until the deposition is offered in evidence, depositions are discovery tools. The deposition of Mr. McMullen is no more a "trial" deposition than any other deposition taken in any civil case.

This is not to say that grand jury testimony can never be disclosed at the discovery stage; Procter and Gamble involved discovery. But the possibility that the party "would be greatly prejudiced or that without reference to [the transcript] an injustice would be done," Procter and Gamble, supra, 356 U.S. at page 682, 78 S.Ct. at page 986, 2 L.Ed.2d 1077 is not nearly so great at the discovery stage. Review of the lower court's ruling on this point is not a review of the trial judge's exercise of discretion, but of whether he was proceeding under the mistaken legal notion that these "National Depositions" are not discovery depositions and, thus, not governed by the stricter standards thereby imposed.

I am of the view that the cases decided by the lower federal courts [2] denying disclosure of the grand jury proceedings under similar circumstances represent the better view and cannot be distinguished in principle, and that any contraction of the policy favoring the secrecy of grand jury proceedings must be made, if made at all, by the Supreme Court. I, therefore, dissent.

---

1. The record does not reveal that Judge Boldt was designated to serve as a District Judge for the Southern District of Florida. Indeed, to the contrary, it reveals that he was sitting as a Special Master. It would seem that only the District Judge could order the documents produced. There is no showing that Chief Judge Dyer heard the testimony, read the transcript or read the depositions, and his "approval" is, in my opinion, not sufficient. This objection to the procedures followed is in addition to others noted in the text.

2. See page 236 majority opinion.