ESTATE OF HOLLIS R. TEMPLE, DECEASED, BARBARA BARNHILL, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 727-72, 728-72.    Filed January 22, 1976.

*Roland J. Mestayer, Jr.,* for the petitioner.
*Frederick T. Carney* and *Robert W. West,* for the respondent.

### OPINION

BRUCE, *Judge:* This case is presently before the Court upon a motion by respondent to admit into evidence a transcript of the testimony of W. W. Kerr, accountant for the taxpayer Hollis R. Temple, during the taxable years involved, given before a Federal grand jury in Biloxi, Miss., on January 21, 1971. The question presented is whether a transcript of the testimony given before a Federal grand jury may be received as substantive evidence in a subsequent civil action involving the tax liability of the taxpayer. Both the accountant and the taxpayer were deceased and therefore unavailable to testify at the trial. There was no cross-examination or opportunity for cross-examination of the accountant by the taxpayer or his representative. Also, in view of his demise, there has been no opportunity for the taxpayer to refute any adverse testimony given by the accountant before the grand jury.

At the conclusion of the trial herein on January 17, 1975, the Court granted respondent's motion to keep the record open in order that he might obtain and offer in evidence a transcript of Kerr's testimony before the grand jury. On the same day, upon motion therefor filed by Frederick T. Carney, Assistant Regional Counsel, Internal Revenue Service, and pursuant to rule 6(e) of

the Federal Rules of Criminal Procedure, an order was issued by Judge Walter L. Nixon, Jr., of the United States District Court for the Southern District of Mississippi, directing that a copy of the testimony of Walter W. Kerr (pp. 167-268), taken before the Federal grand jury on January 21, 1971, then in the custody of the United States attorney for the Southern District of Mississippi, be released to the attorneys for the Internal Revenue Service "for use in the performance of their official duties in connection with a judicial proceeding in the United States Tax Court" and that "Said transcript may be offered for introduction in evidence in the cases of the Estate of Hollis R. Temple, Tax Court Dockets Nos. 727-72 and 728-72."

On March 3, 1975, respondent filed a motion to admit the above-mentioned copy of grand jury testimony into evidence, together with a memorandum in support of said motion. Two copies of Kerr's grand jury testimony submitted with the motion were placed under seal by the Court with instructions, however, that counsel for the petitioner be permitted to examine the transcript.

Respondent's motion was set for hearing on a motions calendar of the Court held in Washington, D.C., on April 9, 1975. At the hearing on that date, counsel for respondent appeared and orally argued in support of the admission of the transcript of the grand jury testimony in question. There was no appearance by or on behalf of the petitioner. Subsequently, on April 17, 1975,[1] there was received in the Office of the Clerk of the Court, a memorandum from counsel for the petitioner in support of petitioner's objection to the admission of the grand jury testimony in question.

Respondent determined deficiencies in income taxes and additions to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954,[2] against the taxpayer, Hollis R. Temple, for each of the taxable years 1964, 1965, and 1966. Notices of the deficiencies were mailed to the taxpayer on November 2, 1971, and the petitions herein were filed January 31, 1972. Since the notices of deficiency were not mailed to the taxpayer within 3 years from the dates his returns were filed, the assessment and

---

[1] It appears that petitioner's memorandum had been mistakenly directed to the *Clerk* of the *U.S. District Court,* Washington, D.C., and the District Court Clerk had forwarded it to the Tax Court.

[2] Statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

collection of the deficiencies are barred by limitations, sec. 6501(a), unless it is established that the returns were false and fraudulent with intent to evade tax, sec. 6501(c). The burden of proving fraud is upon the respondent. Rule 142(b), Tax Court Rules of Practice and Procedure; sec. 7454(a).

Petitioner has conceded that the taxpayer understated the amount of income received by him from his business operations, on the returns filed by him for 1964, 1965, and 1966. It contends, however, that the assessment and collection of the deficiencies determined by respondent are barred by limitations. In support of this contention petitioner claims that the taxpayer relied entirely upon his accountant, W. W. Kerr, to prepare and file his tax returns, that any errors or understatements of income were the fault of the accountant and, accordingly, that the taxpayer did not file false or fraudulent income tax returns with intent to evade tax. Obviously, the testimony of the accountant before the grand jury investigating possible criminal tax violations by the taxpayer would be material to the question of civil tax liability involved herein. The principal question with which we are faced on the pending motion is whether, under the unusual circumstances of this case, the transcript of the accountant's testimony before the grand jury is admissible herein as an exception to the hearsay rule.

For the reasons hereinafter discussed we have concluded that the transcript of Kerr's testimony before the grand jury should not be admitted herein. We have reached this conclusion only after a very considerable amount of research and study. Neither party has called our attention to any definitive court decisions involving factual circumstances similar to those involved in the present case, nor has our research revealed any.

In arriving at the above conclusion, our principal concern has been the applicability of the new Federal Rules of Evidence (FRE)[3] relating to "Hearsay" and in particular to rules 803(24) and 804(b)(5).

Rule 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802 provides: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court

---

[3] Pub. L. 93-595, 93d Cong., 2d Sess., approved Jan. 2, 1975, and made effective July 1, 1975.

pursuant to statutory authority or by Act of Congress." The effect of rule 802 is to limit the discretion of the courts to create new exceptions to the hearsay rule except as provided in rules 803(24) and 804(b)(5). Rule 803 defines a number of specific exceptions to the hearsay rule applicable whether or not the declarant is available as a witness. Most of these are codifications or modifications of exceptions developed over the years under common law principles. Rule 804 concerns certain hearsay exceptions limited to situations defined therein in which the declarant is unavailable as a witness.

In addition to the specific exceptions referred to above, rules 803(24) and 804(b)(5) contain identical provisions for the admission of any hearsay statement not specifically covered by any of the stated exceptions, if the hearsay statement was found to have "equivalent circumstantial guarantees of trustworthiness," and meets the other qualifications enumerated therein.

Rule 804(b)(5) provides as follows:

(5) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

We do not understand respondent to claim that Kerr's grand jury testimony comes within the ambit of any of the specific exceptions set forth in rules 803 and 804(b). Respondent's position, as we understand it, is that the transcript of Kerr's testimony before the grand jury should be admitted in evidence under the residual exception to the hearsay rule, set forth in rules 803(24) and 804(b)(5). In support of his position respondent argues that such testimony is *necessary* in view of the fact that both Kerr and Temple are dead and that none of Temple's bookkeepers were shown to have had any part in the preparation of Temple's income tax returns and, accordingly, unless Kerr's testimony before the grand jury is admitted in evidence, there is

no evidence available to show what took place between the taxpayer and his accountant with respect to the preparation of the taxpayer's returns. Respondent also argues that Kerr's testimony before the grand jury is *trustworthy* inasmuch as it was given under oath subject to the statutory provisions against perjury. Petitioner's position is that Kerr's testimony before the grand jury is not admissible as an exception to the hearsay rule under rule 804(b)(1) relating to "former testimony," or under rule 804(b)(5), inasmuch as there was no cross-examination of Kerr before the grand jury.

The inclusion of a residual hearsay exception in the Federal Rules of Evidence was the subject of considerable controversy during legislative consideration. The House deleted the residual exception which had been proposed by the Supreme Court as injecting too much uncertainty into the law of evidence. The Senate disagreed with total rejection of a residual hearsay exception and approved a residual exception of much narrower scope and applicability than the Supreme Court version. The Conference Committee adopted the Senate version with an amendment requiring that notice of intent to use this exception be given to the adverse party.[4]

The narrow scope and applicability of the residual hearsay exception was pointed out in the Senate report as follows:

In order to qualify for admission a hearsay statement not falling within one of the recognized exceptions would have to satisfy at least *four conditions. First,* it must have "equivalent circumstantial guarantees of trustworthiness." *Second,* it must be offered as evidence of a material fact. *Third,* the court must determine that the statement "is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." This requirement is intended to insure that only statements which have high probative value and necessity may qualify for admission under the residual exceptions. *Fourth,* the court must determine that "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." [Emphasis supplied.]

The narrow scope and applicability of the exception intended by the Congress is further expressed in the Senate report as follows:

It is intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances. The committee does not intend to establish a broad license for trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in rules 803 and 804(b). The

---

[4] See H. Rept. No. 650, S. Rept. No. 1277, and Conf. Rept. No. 1597, 93d Cong., 2d Sess.

residual exceptions are not meant to authorize major judicial revisions of the hearsay rule, including its present exceptions. Such major revisions are best accomplished by legislative action. It is intended that in any case in which evidence is sought to be admitted under these subsections, the trial judge will exercise no less care, reflection and caution than the courts did under the common law in establishing the now-recognized exceptions to the hearsay rule.

In order to establish a well-defined jurisprudence, the special facts and circumstances which, in the court's judgment, indicates [sic] that the statement has a sufficiently high degree of trustworthiness and necessity to justify its admission should be stated on the record. It is expected that the court will give the opposing party a full and adequate opportunity to contest the admission of any statement sought to be introduced under these subsections.

Our conclusion that the transcript of Kerr's testimony before the grand jury should not be admitted into evidence herein is based primarily upon the absence of any cross-examination, or of any opportunity for cross-examination, of Kerr by the taxpayer or his representative. Also, because of the demise of both the taxpayer and his accountant before the trial herein, there was no opportunity for the taxpayer to refute any adverse testimony given by Kerr before the grand jury. Under these circumstances we are unable to find that Kerr's testimony had the essential "equivalent circumstantial guarantees of trustworthiness" which might justify its admission as an exception to the hearsay rule, under rule 803(24) or rule 804(b)(5).

Cross-examination has long been regarded as a vital and necessary feature of the law of evidence. Wigmore refers to it as "beyond any doubt the greatest legal engine ever invented for the discovery of truth." V Wigmore, sec. 1367 (Chadbourn rev. 1974). By it the many possible deficiencies, suppressions, sources of error, self-interest, and other indications of untrustworthiness may best be brought to light and exposed. V Wigmore, *supra,* sec. 1362.

The present case is one in which cross-examination of the witness was clearly needed to develop the true facts relating to the taxpayer's recordkeeping and reporting of his taxable income. We have carefully read and studied (in camera) Kerr's testimony before the grand jury and find it entirely unsatisfactory and untrustworthy. His testimony was not only ambiguous and inconclusive, but indicates a lack of candor and frankness almost to the extent of evasiveness. We are also not unaware of the possibility of self-interest since he was the preparer of the

questioned returns and might have been the subject of a criminal indictment.

Before reaching our conclusion herein under the Federal Rules of Evidence, we have deemed it appropriate and necessary to consider two other aspects of the case. The first has to do with the "long-established policy that maintains the secrecy of the grand jury proceedings in Federal Courts." *United States v. Proctor & Gamble,* 356 U.S. 677, 681-682 (1958). See also *United States v. Johnson,* 319 U.S. 503, 513 (1943); *Costello v. United States,* 350 U.S. 359, 362 (1956); *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 398-399 (1959); and the reasons for such secrecy summarized in *United States v. Rose,* 215 F. 2d 617, 628-629 (3d Cir. 1954). The veil of secrecy which has traditionally shrouded grand jury proceedings should not be broken except where a "compelling necessity" therefor has been shown. *United States v. Proctor & Gamble, supra. Allis-Chalmers Manufacturing Co. v. City of Fort Pierce, Florida,* 323 F. 2d 233 (5th Cir. 1963). Use of grand jury minutes "to impeach a witness, to refresh his recollection, to test his credibility and the like" are cases of "particularized need where the secrecy of the proceedings is lifted discreetly and limitedly." *United States v. Procter & Gamble, supra; Dennis v. United States,* 384 U.S. 855, 868-875, 868 n. 13 (1966). Where good cause and the interests of justice require it, disclosure is particularly proper after the grand jury's function has been completed and the jurors discharged. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150 (1940).

The grand jury's functions in the present case have been completed and the grand jury has been discharged. We are not satisfied, however, that the facts relating to the substantive issues herein are such as to demonstrate any particularized need to lift the secrecy of the grand jury proceedings. If this were all, we might consider ourselves compelled to deny the admission of the grand jury testimony in question on the ground of the long-established policy of maintaining the secrecy of grand jury proceedings. We are now convinced, however, that our initial concern (which caused us to impound the transcript when first received) regarding the policy of maintaining the secrecy of the grand jury proceedings herein was uncalled for. The grand jury before which the testimony in question was taken was convened by and under the control of the United States District Court for the Southern District of Mississippi and the disclosure of the

grand jury's proceedings was certainly initially, if not solely, within the discretion of the judge of that court. In the present cases, Judge Nixon, acting under the authority of rule 6(e) of the Federal Rules of Criminal Procedure,[5] entered an order directing that the transcript of Kerr's testimony before the grand jury be released to the attorneys for the Internal Revenue and that "said transcript may be offered for introduction in evidence in the cases of the *Estate of Hollis R. Temple,* Tax Court Dockets Nos. 727-72 and 728-72."[6] Thus, the veil of secrecy surrounding the grand jury proceedings involved herein has been lifted by the court having authority to do so. In view of these circumstances we are now satisfied that the policy of maintaining the secrecy of grand jury proceedings is not of itself sufficient reason to deny the admission of Kerr's testimony before the grand jury. The question of the admissibility of such evidence herein as an exception to the hearsay rule remains, however, for our determination.

The second additional aspect to be considered involves the question of the applicability of section 14-302 of the District of Columbia Code relating to "Testimony against deceased or incapable person."[7] See Rule 143(a), Tax Court Rules of Practice

---

[5] Rule 6(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

[6] Rule 6(e) of the Federal Rules of Criminal Procedure has been held to be broad enough to cover civil litigation. *Allis-Chalmers Manufacturing Co. v. City of Fort Pierce, Florida,* 323 F. 2d 233 (5th Cir. 1963). See also *Atlantic City Electric Co. v. A. B. Chance Co.,* 313 F. 2d 431, 434 (2d Cir. 1963).

[7] Sec. 14-302. Testimony against deceased or incapable person

(a) In a civil action against:

(1) a person who, from any cause, is legally incapable of testifying, *or*

(2) the committee, trustee, executor, administrator, heir, legatee, devisee, assignee, or other representative of a deceased person or of a person so incapable of testifying,

a judgment or decree may not be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff or of the agent, servant, or employee of the plaintiff as to any transaction with, or action, declaration or admission of, the deceased or incapable person.

(b) In an action specified by subsection (a) of this section, if the plaintiff or his agent,

and Procedure, and sec. 7453, I.R.C. 1954, which require that trials before this Court be conducted in accordance with the rules of evidence applicable in trials without a jury in the United States District Court for the District of Columbia.

Respondent argues that Kerr was an employee and an agent of the taxpayer and that under the provisions of section 14-302(b) of the D. C. Code his testimony before the grand jury is not hearsay and may not be excluded.

In our opinion, a different conclusion is required by rules 801(c) and 802 of the Federal Rules of Evidence, applicable in all Federal courts, including the United States District Court for the District of Columbia, rules 101, 1101, FRE. Rule 801(c) defines "Hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offeréd in evidence to prove the truth of the matter asserted." Kerr did not testify at the trial herein, having died prior thereto. His testimony before the grand jury in 1971 was clearly hearsay as defined in rule 801(c). Rule 802 provides: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." As previously indicated herein, Kerr's testimony before the grand jury does not come within any of the exceptions provided by these rules and, accordingly, is not admissible herein.

We are also of the opinion that section 14-302(b) of the D. C. Code has no application in an action such as we have here for the reason that the parties are not aligned in the manner prescribed by that section. See *Prather v. Hill,* 250 A. 2d 690 (D.C. Cir. 1969); *Pryor v. Bond,* 1,10 A. 2d 539 (D.C. Cir. 1955). See also *Logan Square Auto Mart, Inc. v. Commissioner,* 291 F. 2d 136 (7th Cir. 1961), affg. a Memorandum Opinion of this Court.

An appropriate order will be entered denying respondent's motion, directing the release of a copy of the transcript of Kerr's testimony to counsel for the petitioners, and setting the dates for the filing of briefs.

---

servant, or employee, testifies as to any transaction with, or action, declaration, or admission of, the deceased or incapable person, an entry, memorandum, or declaration, oral or written, by the deceased or incapable person, made while he was capable and upon his personal knowledge, may not be excluded as hearsay.