**Petition of Edward W. BROOKE, Attorney General of the Commonwealth of Massachusetts.**

**E.B.D. No. 64–64.**

United States District Court
D. Massachusetts.

May 20, 1964.

W. Arthur Garrity, Jr., U. S. Atty., John J. Curtin, Jr., Asst. U. S. Atty., for the United States.

Edward W. Brooke, Atty. Gen., John S. Bottomley, Asst. Atty. Gen., for Commonwealth of Massachusetts.

CAFFREY, District Judge.

Edward W. Brooke, as he is Attorney General of the Commonwealth of Massachusetts, filed a petition for disclosure of evidence before the grand jury in the United States District Court relative to Federal Aid Highway Project U–355(1). The petition recites that civil litigation is pending between Marinucci Bros. and Co., Inc. and the Commonwealth of Massachusetts to determine whether or not an overpayment was made by the Commonwealth to Marinucci Bros. and Co., Inc. on account of peat excavation under Federal Aid Highway Project U–355(1); that it is anticipated by petitioner that impeachment of the credibility of five persons named in the petition by the Commonwealth will be necessary; and that petitioner further anticipates that the testimony of the five named persons before the grand jury will be essential to impeaching their credibility.

Petitioner also says that an investigation into the existence of a criminal conspiracy arising out of the same facts is in process, that evidence of participation in said criminal conspiracy by persons who appeared before the federal grand jury has come to his attention, and that revelation of the grand jury proceedings to the petitioner would aid

him in his investigation into the existence of a possible criminal conspiracy.

Finally, petitioner says that he believes himself to be in possession of sufficient evidence to warrant indictments against one or more persons responsible for overpayment for the peat excavation and that he believes the grand jury testimony in question contains information which would enable him to fully crystallize the entire criminal conspiracy which he believes to have existed and that, therefore, he has a grave and pressing need to examine the minutes and evidence of the grand jury proceedings.

Petitioner asks this Court to exercise its discretion in favor of disclosing the minutes on the basis of the above allegations and requests an order directing the United States Attorney to disclose and make available to him all minutes and evidence of the United States grand jury proceedings relative to Federal Aid Highway Project U–355(1).

■ Resolution of the question of whether or not to disclose minutes of a federal grand jury is committed to the discretion of the District Court. United States v. Spangelet, 258 F.2d 338 (2 Cir. 1958); United States v. Rose, 215 F.2d 617 (3 Cir. 1954); cf. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). However, "we start with a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Rule 6(e), Federal Rules of Criminal Procedure. Also in Procter & Gamble, 356 U.S. at p. 682, 78 S.Ct. at p. 986 the Supreme Court has told us "This 'indispensable secrecy of grand jury proceedings' * * * must not be broken except when there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." The Supreme Court has stated "[D]isclosure is wholly proper where the ends of justice require it." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940). "The burden, however, is on the (party seeking disclosure) to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." Pittsburgh Plate Glass Co. v. United States, supra, 360 U. S. at p. 400, 79 S.Ct. at p. 1241. I rule that petitioner has made no such showing herein.

For a strikingly similar case in which a State Attorney General was denied access to federal grand jury minutes, where he sought them for use in civil litigation on behalf of the citizens of his State, see Application of the State of California, 195 F.Supp. 37 (E.D.Pa. 1961). See, also, In re Holovachka, 317 F.2d 834 (7 Cir. 1963), a case in which the Court of Appeals for the Seventh Circuit ruled that disclosure of grand jury minutes to a State agency was an abuse of discretion on the facts involved therein.

The instant fact situation is completely distinguishable from that before Chief Judge Sweeney of this court in Herman Schwabe, Inc. v. United Shoe Machinery Corporation, 194 F.Supp. 763 (1958).

■ In summary, weighing the policy considerations favoring the protection of grand jury secrecy against those considerations favoring disclosure, I exercise my discretion in favor of protecting the secrecy of grand jury proceedings because the petitioner herein has not carried his burden of showing a particularized need for disclosure which outweighs the policy of secrecy. Pittsburgh Plate Glass Co. v. United States, supra.

Petition dismissed