### In re MIAMI FEDERAL GRAND JURY NO. 79–8.

### No. 79–8(MIA).

United States District Court,
S. D. Florida.

Oct. 23, 1979.

Alexander S. White, Special Attorney, Miami Strike Force, United States Department of Justice.

## ORDER DENYING MOTION FOR GRAND JURY DISCLOSURE

JAMES LAWRENCE KING, District Judge.

This matter arose upon the motion of a Justice Department Special Attorney for disclosure of grand jury material pursuant to Federal Rule of Criminal Procedure 6(e). The movant seeks to allow a number of officers of the Dade County Public Safety Department access to unspecified evidence produced before Federal Grand Jury 79–8(MIA), impanelled July 24, 1979. Although superficially simple, the Justice Department's motion in fact presents questions of great importance and, for this court and circuit, first impression.

I. Grand Jury Secrecy and Rule 6(e).

[1] It has long been a policy of the federal courts to protect the secrecy of grand jury proceedings. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *accord Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 1848, 16 L.Ed.2d 973 (1966). The reasons for this policy have been variously stated, most succinctly in *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1950):

(1) To prevent the accused from escaping before he is indicted and arrested or from tampering with the witnesses against him. (2) To prevent disclosure of derogatory information presented to the grand jury against an accused who has not been indicted. (3) To encourage complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation. (4) To encourage the grand jurors to engage in uninhibited investigation and deliberation by barring disclosure of their votes and comments during the proceedings.

*Id.* at 405, 79 S.Ct. at 1244 (Brennan, J., dissenting). Because of these considerations, grand jury information is disclosed only on the most compelling showing. *United States v. Procter & Gamble Co.*, 356 U.S. at 682, 78 S.Ct. at 986.

This policy and its rationale have been incorporated in Federal Rule of Criminal Procedure 6(e). *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. at 398–99, 79 S.Ct. at 1240. That rule clearly declares the secrecy of grand jury proceedings, and allows disclosure in certain limited circumstances. The Government presently appears to rely on subsection (2)(A), which provides for release to attorneys for the government and

such government personnel as are deemed necessary by an attorney for the government to assist the government in the performance of such attorney's duty to enforce Federal criminal law.

The Rule also provides the court with discretionary authority to release information "preliminary to or in connection with a judicial proceeding." Rule 6(e)(2)(C)(i). No attempt to gain access by a defendant is present here. *See generally* Rule 6(e)(2)(C)(ii).

Two issues must therefore be resolved: (1) whether state law enforcement officers are within the definition of "government personnel" for purposes of subsection A; (2) whether the Government has made a showing sufficient for the court to require disclosure pursuant to subsection C. If neither of these exceptions apply, then the general mandate of Rule 6(e)(1) and such cases as *Procter & Gamble* must control. Disclosure is then prohibited.

II. Government Personnel.

Rule 6(e) was amended by Congress in 1977. *See* Pub.L. No. 95–78 § 2(a). The prior rule contained only the following general language concerning disclosure within the government:

> Disclosure . . . may be made to attorneys for the government for use in the performance of their duties.

This provision provoked dispute over two issues: (1) whether state attorneys were "attorneys for the government"; (2) whether the provision allowed for disclosure to government personnel who were not attorneys.

■ Rule 54(c), which provides definitions for terms used in the Rules, largely prevented disclosure to state attorneys. "Attorneys for the government" is defined by that section to include the Attorney General and United States Attorneys, and their authorized assistants. When confronted with the question, courts uniformly held that this provision did not include state attorneys. *See, e. g., Special 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 896 (7th Cir. 1973) (citing other Seventh Circuit holdings to the same effect); *In re Brooke's Petition*, 229 F.Supp. 377, 378 (D.Mass.1964); *United States v. Crolich*, 101 F.Supp. 782, 784 (S.D. Ala.1952); Wright, Federal Practice and Procedure: Criminal § 107 at 177 n.20 (1969). While the present case is clearly distinguishable from this line of precedent—the force of Rule 54(c) applies only to cases involving government "attorneys"—it nevertheless provides support for two propositions. First, there has never been a federal policy favoring disclosure of grand jury materials to state officials. Second, because the provision of Rule 6(e) allowing disclosure to "attorneys for the government" was not affected by the 1976 amendment, the present rule defines "government attorneys" as *federal* government attorneys. The parallel language providing for disclosure to "government personnel" indicates that a parallel definition is appropriate.

Controversies over the second issue under the pre-amendment rule, allowing disclosure to subsidiary government personnel, reached less uniform results. Indeed, it was because of the uncertain guidance provided by the old rule, as demonstrated by inconsistent case results, that Congress decided to amend the Rule. *See* S.Rep. No. 95–354, 95th Cong., 1st Sess. 7 (1977), *reprinted in* [1977] U.S.Code Cong. & Admin. News, pp. 527, 530–31. The amended rule must be interpreted in this context; it sought to achieve a specific result. Congress was faced with inconsistent results in cases where disclosure to *federal* agents was sought. The rationale for the amendment was stated in the Senate Report as follows:

> Federal crimes are "investigated" by the FBI, the IRS, or by Treasury agents and not by government prosecutors or the citizens who sit on grand juries. Federal agents gather and present information relating to criminal behavior to prosecutors who analyze and evaluate it and present it to grand juries. Often the prosecutors need the assistance of the agents in evaluating evidence. Also, if further investigation is required during or after grand jury proceedings, or even during the course of criminal trials, the Federal agents must do it.

*Id.* at 6, *reprinted in* [1977] U.S.Code Cong. & Admin.News at p. 530. The amendment sought to allow Government attorneys to obtain this assistance without seeking judicial approval. *Id.* at 8, *reprinted in* [1977] U.S.Code Cong. & Admin.News at p. 531. The issue whether disclosure to state agents should be allowed was clearly not contemplated by Congress. The expansion of the Rule worked by the 1977 amendment thus cannot be taken to encompass state agents. By reaching this conclusion, the court does not find that state agents were intentionally excluded by the Rule, rather that there is no basis for concluding they were included.

The only other court to address the issues considered here reached a similar conclusion. Disclosure was sought for a state detective in order that he might aid a federal investigation in *In re Grand Jury Proceedings*, 445 F.Supp. 349 (D.R.I.1978). The court found that the detective could not be

classified as "government personnel," based on the language and legislative history of the Rule. The court concluded that "[w]ithout more explicit direction, I doubt that Congress intended to expand disclosure of grand jury testimony to personnel, however trustworthy and helpful, outside the federal family." *Id.* at p. 350. The Government sought to appeal this decision, and although the appellate court determined that it had no jurisdiction to hear the case, it nonetheless was required to consider the soundness of the district judge's ruling. *See In re Grand Jury Proceedings*, 580 F.2d 13, 16 (1st Cir. 1978). One issue in determining whether the particular order was reviewable was whether it presented a "serious and unsettled question." In concluding that no such question was raised, the First Circuit stated "The district court's construction [of Rule 6(e)] seems virtually incontrovertible." *Id.* at 17.

It is the conclusion of this court that disclosure of grand jury material to state agents is not authorized by subsection A. That rule states a narrow exception to a strong and important policy requiring Grand Jury secrecy. This court will not act to expand that exception absent clear legislative direction.

III. Judicial Proceeding.

The court may, in its discretion, disclose information "preliminary to or in connection with a judicial proceeding." Rule 6(e)(2)(C)(i). This provision most often allows disclosure in civil suits, *see, e. g., In re December 1974 Term Grand Jury Investigation*, 449 F.Supp. 743 (D.Md.1978), or state proceedings, *see, e. g., United States v. Goldman*, 439 F.Supp. 337 (D.C.N.Y.1977). To apply this provision to the very grand jury from which disclosure is sought seems somewhat illogical. Disclosures in aid of an on-going grand jury investigation are provided for in subsection A, discussed above. Conceivably, however, subsection C can be seen as providing the court with a discretionary means of disclosure beyond the confines of subsection A. An extended discussion of this point is not necessary, however, in light of the conclusion reached below.

Assuming, without deciding, that disclosure could ever be appropriate in these circumstances, the Government must make a substantial showing before the court will exercise its discretion. The rationale for secrecy is at its strongest when the grand jury from which disclosure is sought is still in session. *See In re Bonanno*, 344 F.2d 830, 834 (2d Cir. 1965). Secrecy outweighs all but the strongest considerations. *United States v. Procter & Gamble*, 356 U.S. at 682, 78 S.Ct. at 986. Only upon a showing of particularized need will disclosure be allowed. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. at 399, 79 S.Ct. at 1240.

In the present case, the Government has clearly failed to make the requisite showing. Only the following support is given for the request for disclosure:

> Much of the information involved in this investigation was developed by members of the Organized Crime Bureau of the Dade County Public Safety Department. Because of the familiarity of these Dade County officers with the witnesses and the evidence, it is essential to the investigation that they be permitted to have access to exhibits and testimony presented to the Grand Jury.

The court cannot allow disclosure on the basis of this representation. Little heed has been paid to the Supreme Court's mandate that disclosure should be made "discretely and limitedly." *See Dennis v. United States*, 384 U.S. 855, 869, 86 S.Ct. 1840, 1849 (1966). The Government has presented only the most minimal showing of need, stated in a conclusory fashion. Yet the disclosure sought, and thus the danger of abuse to grand jury secrecy, is broad. Without more of a showing by the government, this court is unwilling to invade what the Fifth Circuit has described as "a sanctuary, inviolate to *any* intrusion, . . . where a witness may testify, free and unfettered by fear of retaliation." *Texas v. United States Steel Corp.*, 546 F.2d 626, 629 (5th Cir. 1977) (emphasis in original). It is therefore

ORDERED AND ADJUDGED that the Government's Motion for Disclosure of Grand Jury Proceedings is denied.