613 F.2d 501
 1980-1 Trade Cases 63,226
 In re GRAND JURY PROCEEDINGS.
UNITED STATES of America, Appellant-Cross Appellee,
v.
NORTHSIDE REALTY ASSOCIATES, INC., Ed A. Isakson and Clover
Realty Company, Appellees-Cross Appellants.
 No. 79-3442.
 United States Court of Appeals,
Fifth Circuit.
 March 4, 1980.
 
 John R. Fitzpatrick, Atty., Antitrust Div., U. S. Dept. of Justice, Atlanta, Ga., Barry Grossman, Bruce E. Fein, U. S. Dept. of Justice, Washington, D. C., for appellant-cross appellee.
 Joe H. Bynum, Jr., Atlanta, Ga., for Clover Realty Co.
 Harold L. Russell, Thomas W. Rhodes, Atlanta, Ga., William W. Maycock, Chamblee, Ga., for Northside Realty Associates, Inc., and Edwin A. Isakson.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.
 SAM D. JOHNSON, Circuit Judge:
 
 I. Introduction
 
 1
 This unusual case arises from a pre-indictment skirmish between the Antitrust Division of the Department of Justice and three Atlanta real estate brokers who were the objects of a grand jury investigation. The Atlanta field office of the Antitrust Division of the Department of Justice recommended that the Office of Operations in Washington seek an indictment against the brokers. The Washington office then offered the brokers the opportunity for a pre-indictment conference in Washington during which the brokers would have an opportunity to persuade them not to seek an indictment. The brokers moved the district court that had impaneled the grand jury to compel the Antitrust Division to produce: (1) a copy of the Atlanta office memorandum to the Washington office recommending indictment of the brokers; and (2) a statement of the Antitrust Division's policies and procedures regarding pre-indictment conferences. The district court ordered the Antitrust Division to furnish the brokers "a statement of issues and summary of such factual matters as may be pertinent to the decision by the responsible official to authorize or not to authorize a request for a criminal indictment." The district court then enjoined the Government from further contacts with the grand jury concerning its real estate brokerage investigation. Both the brokers and the Antitrust Division have appealed, the brokers contending the district court did not go far enough, and the Antitrust Division contending that it went too far. We agree with the Antitrust Division and reverse the district court to the extent that it ordered the Antitrust Division to provide information to the brokers. To the extent that the district court denied the brokers' motion to produce, we affirm.
 
 
 2
 At the request of the Atlanta field office of the Antitrust Division of the Department of Justice, the United States District Court for the Northern District of Georgia impaneled a special grand jury to investigate antitrust violations in various industries. The special grand jury investigated the real estate brokerage industry in Atlanta. Lawyers for the Atlanta field office of the Antitrust Division informed Clover Realty Company, Ed A. Isakson, and Northside Realty Associates, Inc. (the brokers) that they were targets of the investigation. The Atlanta field office lawyers also told the brokers that they recommended to the Office of Operations of the Antitrust Division in Washington that the Government seek an indictment of the brokers.
 
 
 3
 The Office of Operations of the Antitrust Division in Washington then scheduled a pre-indictment conference with the brokers. The purpose of the pre-indictment conference was to give investigation targets an opportunity to dissuade the Government from seeking an indictment against them. The Government procedure for affording investigation targets a pre-indictment conference is set forth in the Antitrust Manual published by the Department of Justice.As in a civil case, counsel do not have any absolute right to be heard by the Office of Operations. The Office of Operations, in its discretion, will ordinarily consider the arguments of counsel in making its final recommendation, but only after counsel has already met and discussed the issues with the staff.
 
 
 4
 It should be noted that the purposes of meetings with counsel by staff and Operations is not to debate the issues and facts of the proposed case; rather, both staff and Operations will listen to the arguments of counsel against indictment. Neither Operations nor staff can disclose relevant factual details to counsel since the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure apply to the evidence developed before the grand jury.[1]
 
 
 5
 In this case, four days after the Government scheduled the pre-indictment conference with the brokers, the brokers moved the district court to compel the Government to produce its written rules, regulations, statements of policy, directives, memoranda and other statements describing procedures used in pre-indictment conferences. The brokers also moved the district court to compel the Government to produce the Atlanta office's recommendation to the Washington Operations Office that an indictment be sought. The district court denied both these motions to produce, and the brokers have appealed. The district court, however, did order the Government to provide "a statement of issues and a summary of such factual matters as may be pertinent to the decision by the responsible official to authorize or not authorize a request for a criminal indictment . . . in sufficient time to make the (pre-indictment) conference . . . meaningful." The district court stayed its order to produce so the Government could appeal. The district court also enjoined the Government from further contacts with the grand jury concerning its real estate brokerage investigation. The Government has postponed the pre-indictment conference with the brokers pending resolution of its appeal in this case.
 
 II. The District Court Order
 
 6
 The Government contends the district court order compelling them to produce a statement of issues and facts relevant to the decision to indict violates the constitutional principle of separation of powers. The brokers contend that the Government's own procedures obligate them to provide a pre-indictment conference and that the district court order does nothing more than obligate the Government to make the conference meaningful. We hold that the order violates the principle of separation of powers and further that it endangers the secrecy of the grand jury. We also find that the Government's refusal to provide a summary of issues and facts to the brokers is consistent with the Government's established procedure for pre-indictment conferences.
 
 A. Separation of Powers
 
 7
 In Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935), the Supreme Court held that the principle of separation of powers requires that each of the three co-equal branches of the Government should be free from any influence from either of the other branches. Forty-two years later the Court rejected as archaic the view that the principle of separation of powers requires "three airtight departments of government." Nixon v. Administrator of General Services, 433 U.S. 425, 443, 97 S.Ct. 2777, 2790, 53 L.Ed.2d 867 (1977). The principle of separation of powers requires only a proper balance among the three branches of the Government. In determining whether an action of one branch impermissibly disrupts the proper balance, we look to the extent to which that action prevents another department from performing its constitutionally assigned functions. Id. The Constitution assigns the executive branch the duty to faithfully execute the laws. U.S.Const. art. II, § 3, cl. 4. Accordingly, the executive branch has discretionary power to control criminal prosecutions, and "as an incident of the constitutional separation of powers, . . . the courts are not to interfere with the free exercise of" that power. United States v. Cox, 342 F.2d 167, 171 (5th Cir.), Cert. denied 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).
 
 
 8
 The Executive, through the Antitrust Division of the Department of Justice, has established a policy of affording at least some investigation targets a pre-indictment conference at which the targets can attempt to dissuade the Government from seeking an indictment against them. Here the district court order directing the Government to make certain disclosures to the brokers before their pre-indictment conference was an attempt to give the brokers some background information so they would have a better opportunity to dissuade the Government. The order, however, also burdens the Government. The order may require, as more fully discussed below, the Government to violate the principle of grand jury secrecy. Furthermore, disputes between the Government and investigation targets over the validity of the scope of an order regarding a pre-indictment conference may consume the Government's time and delay the Government's seeking certain indictments. Such delays could present statute of limitations problems for the Government. In this case, for instance, the district court enjoined the Government from further contact with the grand jury regarding the brokers.
 
 
 9
 The district court order, if affirmed, might induce the Government not to offer pre-indictment conferences to targets of future grand jury investigations. The brokers conceded during oral argument that there was no constitutional right to a pre-indictment conference. Cf. United States v. Bland, 153 U.S.App.D.C. 254, 262, 472 F.2d 1329, 1337 (D.C. Cir. 1972), Cert. denied 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973) (rejecting the argument that due process "requires an adversary hearing before the prosecution can exercise his age-old function of deciding what charge to bring against whom").[2]
 
 
 10
 The executive branch has decided that it can best execute its constitutionally assigned function of controlling criminal prosecutions by allowing some investigation targets a pre-indictment conference. The executive branch decided it best to limit the disclosures made to targets before these conferences. The executive branch further decided to structure these conferences so that it would merely listen to, not debate with, investigation targets. The district court order places a potential burden on the executive branch so that it may well decline to offer future investigation targets a pre-indictment conference. This impact on the Executive's control over criminal prosecutions impermissibly disrupts the proper balance between the Executive and the Judiciary.
 
 B. Grand Jury Secrecy
 
 11
 The district court order requires the Government to produce a summary of the facts that may be pertinent to the decision to seek an indictment. If the Government were to comply with this order, it would most probably have to disclose some of the facts developed in the grand jury investigation. Such a disclosure, however, would violate the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble Co., 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958) (footnote omitted). Disclosure, even indirectly, of testimony given before the grand jury would likely discourage witnesses from freely testifying before the grand jury. This is especially true in antitrust cases in which the witnesses are customers or competitors of the targets who might fear economic retaliation if their testimony were disclosed. Id. at 682, 78 S.Ct. at 986; In re Grand Jury Investigation (General Motors Corp.), 32 F.R.D. 175, 180 (S.D.N.Y.1963). We note also that the grand jury's investigation is still in process and that the reasons for grand jury secrecy therefore apply with particular emphasis. See generally In re Disclosure of Testimony Before a Grand Jury, 580 F.2d 281, 287 (8th Cir. 1978).
 
 
 12
 This Court recognizes that compelling necessity can justify breaking the otherwise indispensable secrecy of grand jury proceedings. Procter & Gamble Co., 356 U.S. at 682, 78 S.Ct. at 986; Allis-Chalmers Manufacturing Co. v. City of Fort Pierce, 323 F.2d 233, 238 (5th Cir. 1963). Here, however, there is no indication of compelling necessity. The brokers have no constitutional right to a pre-indictment conference; they simply argue that they need disclosure so they will have a better opportunity to persuade the Government not to indict. This interest is far too weak to justify a breach of grand jury secrecy, particularly while the grand jury investigation is still in process. In re Grand Jury Proceeding, Grand Jury 79-01, (N.D.Ga. January 15, 1980) (denying other targets of the same Grand Jury that is investigating the brokers in this case a motion to produce seeking an order similar to that entered by the district court in this case).
 
 C. A Meaningful Pre-Indictment Conference
 
 13
 The brokers asserted during oral argument that the Government's own procedures obligated it to provide a pre-indictment conference. They argued that the obligation to provide a pre-indictment conference carried with it an obligation to make that conference meaningful. The district court order, according to the brokers, did nothing more than insure that. Furthermore, according to the brokers, the purpose of the pre-indictment conference was to give the brokers an opportunity to dissuade the Government from requesting their indictment, and the disclosures ordered by the district court simply enabled the brokers to prepare themselves for the conference so that they could make persuasive arguments.
 
 
 14
 The Court finds two faults with this argument. First, the district court order is inconsistent with the scope of the pre-indictment conference that the Government has established. "Neither operations nor staff can disclose relevant factual details to counsel (for a target at a pre-indictment conference) since the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure apply to the evidence developed before the grand jury." The Antitrust Manual, p. III-85. The Government has satisfied its own procedure. Second, this Court is not persuaded that the brokers have no idea of what the grand jury investigation concerns and what they will have to say to persuade the Government not to seek an indictment. Furthermore, the pre-indictment conference itself might well give the brokers some basis for developing arguments to dissuade the Government from seeking an indictment. There is no indication whatsoever that the Government will refuse to listen to any arguments against indictment after the pre-indictment conference.
 
 III. The Atlanta Office Recommendation
 
 15
 The district court denied the brokers' motion to compel the Government to produce the report from the Atlanta field office to the Office of Operations of the Antitrust Division. This report recommended that the Government seek an indictment against the brokers. Communications made within an agency during that agency's process of making a decision are privileged from disclosure. Any other rule would inhibit candid discussion within the agency and would detrimentally affect the agency's decision making process. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132, 150-152, 95 S.Ct. 1504, 1516-1517, 44 L.Ed.2d 29 (1975). Here, the Atlanta office recommendation was merely a preliminary step in the Antitrust Division's process for reaching a decision whether to seek an indictment against the brokers. The district court properly refused to order its disclosure. See generally Jordan v. United States Department of Justice, 192 U.S.App.D.C. 144, 163-64, 591 F.2d 753, 772-73 (D.C. Cir. 1978) (en banc).
 
 
 16
 IV. The Internal Procedures for Pre-Indictment Conferences
 
 
 17
 The district court denied the brokers' motion to compel the Government to produce a statement of its internal procedures regarding pre-indictment conferences. We decline to reach the merits of the brokers' appeal from this portion of the district court order on the grounds of mootness. At oral argument, the Government promised to provide the brokers with a copy of the Antitrust Manual of the Department of Justice. This manual, as quoted above, sets out the internal Government procedures regarding pre-indictment conferences.
 
 V. Conclusion
 
 18
 We reverse the district court order to the extent that it required the Government to provide the brokers a summary of issues and facts relevant to the decision to indict. To the extent the district court order denied the brokers' motion to produce, we affirm. We also vacate the district court's enjoining of the Government from contact with the grand jury.
 
 
 19
 REVERSED IN PART; AFFIRMED IN PART; VACATED IN PART.
 
 
 
 [1]
 The Antitrust Manual, page III-85. The manual was published sometime between the submission of briefs and oral argument in this case. The manual is, or soon will be, available from the Government Printing Office. Counsel for the Antitrust Division furnished the Court and opposing counsel with a copy of the manual after oral argument in this case
 
 
 [2]
 Three Justices dissented from the denial of certiorari in Bland. They argued that the Administrative Procedure Act, 5 U.S.C. § 701 Et seq. empowers the courts to review prosecutorial discretion