THOMAS R. and BERNICE M. SULLIVAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sullivan v. Commissioner
Docket No. 7790-78.
United States Tax Court
T.C. Memo 1980-248; 1980 Tax Ct. Memo LEXIS 337; 40 T.C.M. (CCH) 648; T.C.M. (RIA) 80248; July 15, 1980, Filed Thomas R. Sullivan, pro se. Larry D. Anderson, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined the following deficiencies in petitioners' income tax and additions to tax: Additions to Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a) [1]
1974
$3,355.70
$ $167.79
1975
5,916.10
1,479.03
295.81
The issues for decision are: (1) Whether petitioners are entitled to various deductions; (2) Whether petitioners are liable for a twenty-five percent (25%) addition to tax under sec. 6651(a) for failure to file a required return for the taxable year 1975; (3) Whether petitioners are liable for an addition to tax under sec. 6653(a) for negligence and intentional disregard of rules and regulations for the years 1974 and 1975. FINDINGS OF FACT
*340 Some of the facts have been stipulated. The stipulation and the attached exhibits are incorporated herein by this reference. During 1974 and 1975 petitioners were husband and wife. At the time the petition in this case filed, petitioners resided in Detroit, Michigan. Petitioners timely filed their Federal income tax return for the year 1974. However, their income tax return for 1975 was not filed timely. Accordingly to the date stamped on the return (a copy of which was stipulated into the record), the return was not filed until October 7, 1976. During 1974 and 1975 petitioner Thomas R. Sullivan (hereinafter referred to as petitioner), as attorney, engaged in the practice of law in Farmington Hills, Michigan. For each of those years petitioners claimed various deductions, most of which were attributable to petitioner's practice of law. In connection with his law practice, petitioner occasionally was required to attend court sessions and appear at the local Federal building. On each occasion when petitioner made these appearances he incurred parking expenses of approximately $5.00. Petitioner paid Mildred F. Losey $3,150 in 1974 for "casual labor" she performed. *341 In 1974 petitioner paid various miscellaneous expenses incident to his law practice totaling $473.00. During the years 1974 and 1975 petitioner expended the respective amounts of $411.00 and $460.00 for various supplies utilized in his practice of law. During 1974 petitioners paid $1,337 to a dentist, John D. Pearl, for services rendered. Petitioners purchased two automobiles, one in 1974 and one in 1975. As a consequence of these two purchases, petitioners paid sales taxes in each of those years in the respective amounts of $254.60 and $326.28, over and above the respective amounts of $395.00 and $274.00 for 1974 and 1975 permitted by the applicable sales tax tables. OPINION
This case is primarily one of substantiation. For example, those of the claimed business expense deductions which were disallowed by respondent were disallowed for the reason that petitioners failed to substantiate the amounts claimed or the relation of the expenses to petitioner's law practice. In order to reverse in this Court respondent's determination, petitioners must satisfy their burden of proving that they are entitled to the deductions at issue. Welch v. Helvering,290 U.S. 111 (1933); *342 Rule 142, Tax Court Rules of Practice and Procedure. This, with few exceptions, they have substantially failed to do. The following table itemizes the various deductions claimed in petitioners' tax returns, those allowed in the notice of deficiency, those stipulated or conceded, and the amounts in dispute: Allowed by
Claimed Per
Notice of
Original Return
Deficiency
BUSINESS EXPENSES
Casual Labor (1974)
$3,150.00
0
Promotion (1974)
6,127.00
0
Promotion (1975)
6,472.00
0
Office (1975)
8,615.00
$7,759.00
Transportation (1974)
3,000.00
2,400.00
Transportation (1975)
4,500.00
3,600.00
Parking (1974)
350.00
0
Parking (1975)
780.00
0
Miscellaneous (1974)
296.00
0
Miscellaneous (1975)
581.00
0
Supplies (1974)
600.00
0
Supplies (1975)
747.00
0
Dues (1974)
1,059.00
175.00
Dues (1975)
2,197.00
195.00
Costs (1975)
3,283.92
991.70
INTEREST
1974
3,334.00
2,609.26
1975
2,729.00
2,856.00
CONTRIBUTIONS
1974
1,330.00
257.00
1975
2,232.00
626.00
SALES TAX
1974
850.00
395.00
1975
920.00
274.00
MEDICAL
1974
1,919.00
1,530.00
1975
802.00
274.00
Additional
Amounts
Stipulated
Amounts in
or Conceded
Dispute *
BUSINESS EXPENSES
Casual Labor (1974)
0
$3,150.00
Promotion (1974)
0
6,127.00
Promotion (1975)
0
6,472.00
Office (1975)
0
856.00
Transportation (1974)
0
600.00
Transportation (1975)
0
900.00
Parking (1974)
0
350.00
Parking (1975)
0
780.00
Miscellaneous (1974)
0
296.00
Miscellaneous (1975)
0
581.00
Supplies (1974)
0
600.00
Supplies (1975)
0
747.00
Dues (1974)
0
884.00
Dues (1975)
0
2,002.00
Costs (1975)
0
2,292.22
INTEREST
1974
0
724.74
1975
0
0
CONTRIBUTIONS
1974
0
1,073.00
1975
0
1,606.00
SALES TAX
1974
254.60
200.40
1975
326.28
319.72
MEDICAL
1974
0
389.00
1975
0
528.00
*343 Casual Labor
Petitioners claimed a $3,150 deduction for "casual labor" on their 1974 return. The only evidence offered to prove their entitlement to this dedution was a "RECEIPT" purportedly signed by one Mildred F. Losey. The document reads intoto as follows: October 17, 1979 RE: RECEIPT: THE UNDERSIGNED HEREBY STATES THE RECEIPT OF $3,150.00 FOR SECRETARIAL SERVICES IN THE YEAR OF 1974. /s/ Mildred F. Losey
The foregoing writing is hearsay evidence and does not, standing alone, satisfy petitioners' burden of proof. Rule 801, Federal Rules of Evidence; Estate of Temple v. Commissioner,65 T.C. 776 (1976). Because the writing is an out-of-court statement which is not subject to cross examination, it is inherently unreliable. [2] In addition, it fails to state that the services *344 were rendered to petitioner or paid for by him. None of the 81 checks submitted by petitioners is payable to Losey. Nevertheless, in light of the $41,513 which petitioner reported as gross receipts from his law practice, the $3,150 claimed as "casual labor"--apparently extra secretarial services--when added to the $5,600 claimed as "office" expense (which presumably includes "regular" secretarial services), does not appear to be unreasonable. Consequently, we accept petitioner's testimony and the "Receipt" as proof of the deduction claimed, notwithstanding the Receipt's scant probative value. Promotion Expenses
For the years 1974 and 1975 petitioners claimed deductions for promotion expenses in the respective amounts of $6,127 and $6,472. Petitioner testified that these expenses were attributable to lunches and social events which occurred on the premises of the Knights of Columbus, the Elks Club and a health/social club. Petitioner stated that his promotional work was beneficial to his practice *345 of law, particularly since he "received substantial remuneration from those associations." [3]
Deductions for entertainment, including business lunches, are subject to the sec. 274 substantiation requirements. Section 274(d) provides that no deduction is allowable for entertainment unless the expense is adequately substantiated. The Income Tax Regulations, sec. 1.274-5(b)(3), provide that the following information is required in order to substantiate entertainment expenses: (3) Entertainment in general. Elements to be proved with respect to an expenditure for entertainment are-- (i) Amount. Amount of each separate expenditure for entertainment, except that such incidental items as taxi fares or telephone calls may be aggregated on a daily basis; (ii) Time. Date of entertainment; (iii) Place. Name, if any, address or location, and designation of type of entertainment, such as dinner or theater, if such information is not apparent from the designation of the place; (iv) Business *346 purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e)(1), the nature of any business discussion or activity; (v) Business relationship. Occupation or other information relating to the person or persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer. Here, it is evident that petitioners' claim for promotion deductions must fail for want of compliance with the sec. 274(d) substantiation requirements. The vague, general testimony which petitioner offered at trial does not even approximate the substantiation requirements imposed by that section. Except for amounts of certain expenditure paid, [4] petitioner merely gave general, sketchy testimony as to the business benefit derived from the expenditures; none of the other specific requirements of sec. 1.274-5(b)(3), Income Tax Regs., have been satisfied. Since the petitioners failed to substantiate every expenditure claimed as an entertainment expense deduction, sec. 274(d) requires their disallowance *347 in full. Sanford v. Commissioner, 50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). As we observed in Sanford, courts are neither required nor permitted to apply to so-called Cohan rule [5] in sec. 274(d) cases. Accordingly, we hold that petitioners are not entitled to any deductions for promotion expenses for either 1974 or 1975.[6]
Interest Expense
For the year 1974, respondent reduced petitioners' $3,334 interest deduction by $724. The only evidence offered concerning this issue was a copy of an unsigned Form 1120S, a Small Business Corporation *348 Income Tax Return for Helen's Hide-A-Way Lounge, Inc. That form listed a $3,122.40 deduction for interest. Petitioner testified that he was a one-third shareholder of that corporation. Petitioner contends that he is entitled to his aliquot share of the interest which Helen's Hide-A-Way Lounge, Inc., paid. This argument is devoid of substance. Only undistributed taxable income and net operating losses pass through to the shareholders of a Subchapter S corporation. Sec. 1373, sec. 1374. The deduction for interest is taken into account at the corporate level for purposes of determining the Subchapter S corporation's undistributed taxable income. Sec. 1373(c), (d); sec. 63 and sec. 163. Since petitioners have introduced no other evidence to rebut respondent's determination, we hold that petitioners are limited to interest deductions for 1974 and 1975 in the respective amounts of $2,609.26 and $2,856.00, the amounts allowed by respondent. Charitable Contributions
Petitioners claimed charitable contribution deductions for 1974 and 1975 in the respective amounts of $1,330 and $2,232. In the notice of deficiency, respondent limited these deductions to $257 and $274, *349 respectively. Evidence presented in support of the contributions was a list of the various organizations containing the amounts allegedly contributed thereto, and petitioner Bernice Sullivan's testimony at trial. Mrs. Sullivan testified that various items of clothing were given to the Salvation Army in 1975 and that she obtained receipts for the clothing contributed. No receipts were produced. Mrs. Sullivan also stated that weekly contributions in the amount of $10 were given to their church. Petitioners failed to introduce any cancelled checks, receipts or other corroborating evidence concerning the purported contributions to the Salvation Army, the Church or any of the other organizations named on the list sumitted. The list submitted has no significant probative value. In the absence of documentary or other corroborative evidence beyond Mrs. Sullivan's testimony we are not persuaded that respondent's determination was erroneous; petitioners have failed to prove that they are entitled to contribution deductions in excess of the amounts respondent has allowed for the two years in question. Sales Tax
For 1974 and 1975, petitioners claimed deductions for sales taxes *350 in the respective amounts of $850 and $920. At trial, petitioners introduced receipts for automobiles purchased in 1974 and 1975. These receipts indicate that petitioners incurred sales taxes in the respective amounts of $254.60 and $326.28 for those two years. On brief, respondent conceded that petitioners are entitled to these amounts in addition to the sales tax deduction permitted by the applicable sales tax tables (as reflected in the notice of deficiency). Since petitioners have failed to introduce any other evidence concerning this issue, we hold that petitioners are entitled to deductions for sales taxes for 1974 and 1975 in the respective amounts of $649.60 ($395 allowable under sales tax table plus $254.60) and $600.28 ($274 allowable under sales tax table plus $326.28). Medical Expenses
Respondent's reduction of petitioners' sec. 213 medical expense deduction for 1974 and 1975 was attributable to the increase in adjusted gross income resulting from the disallowance of other deductions. In connection with this issue petitioners submited two handwritten itemized lists and an itemized statement from a dentist, John D. Pearl, D.D.S. Dr. Pearl's statement indicates *351 charges and payments for services rendered totaling $1,337 in 1974. As with the charitable contributions, the itemized lists offer little, if any, probative value. However, since the 1974 itemized list shows payment to Dr. Pearl in the amount of $965, whereas Dr. Pearl's bill shows payments totaling $1,337, we hold that, for purposes of computing petitioners' sec. 213 medical expense deduction, petitioners paid $1,337 to Dr. Pearl in 1974. [7]
Transportation
For the years 1974 and 1975, petitioners claimed deductions for transportation expenses in the respective amounts of $3,000 and $4,500; respondent reduced these amounts by $600 and $900, respectively. Petitioners introduced into evidence cancelled checks payable to various oil companies and the itemized bills for two automobiles purchased. Petitioner testified at trial that his transportation expenses included depreciation on the two automobiles purchased as well as amounts paid for gasoline and taxes. Except as hereinafter noted regarding parking expenses, *352 petitioners have failed to prove that they are entitled to additional transportation expenses. We note that any attempt to remedy petitioners' erroneous inclusion of depreciation as a transportation expense would be fruitless. On the basis of the record before us, there is no way of ascertaining any of the relevant information pertaining to depreciation for these automobiles (e.g., their useful lives, salvage value, whether both were used in 1975, personal vis-a-vis business use, etc.). Petitioners' other evidence consists of six cancelled checks, totaling $377.77, paid to gasoline companies in 1974. It is not possible to determine whether these amounts are duplicative of the transportation expenses which respondent has allowed: petitioner merely sumitted these checks (among a batch of 81) without any corresponding explanation.Consequently, except as to the disallowance of parking expenses, respondent's determination as to the transportation expenses must be sustained. The deductions which petitioners claimed for parking expenses ($350 and $780 for 1974 and 1975) were disallowed in full by the respondent. Petitioner testified that he often was required to drive to downtown *353 Detroit in connection with his law practice, in order to go to the courts or the Federal building. He estimated that parking expenses totaled $5.00 on those days he drove downtown.
Such items, if proved, constitute local transportation costs under sec. 1.162-1(a), Income Tax Regulations. Although petitioner failed to introduce any evidence other than his oral testimony, we accord some weight to his tesimony on this issue and can reasonably approximate the amount of parking expenses incurred. Accordingly, under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), we hold that petitioners are entitled to deductions for parking expenses in the amount of $300 for each of the years 1974 and 1975. Such amounts are allowed in addition to the $2,400 and $3,600 allowed by respondent as transportation expenses for 1974 and 1975, respectively. Miscellaneous Expenses
The respective amounts petitioners claimed as "miscellaneous" expenses for 1974 and 1975 were $296 and $581. Respondent disallowed these amounts in full. Petitioners' proof on this issue consisted of cancelled checks and Mr. Sullivan's testimony at trial. In this testimony petitioner read a series *354 of names and figures in rapid succession with an occasional explanation of the relationship of these items to his business activities. Petitioner now claims that the amounts spent under this category were $708 and $506, respectively. Based upon certain of the cancelled checks which were submitted for 1974 [8] and petitioner's testimony, we hold that petitioners are entitled to a deduction for miscellaneous expenses in the amount of $473 for 1974. Since petitioners introduced no documentary evidence to support the claimed miscellaneous deductions for 1975, respondent's determination for that year is sustained. Supplies
Deductions for supplies, which respondent disallowed intoto, were claimed for 1974 and 1975 in the respective amounts of $600 and $747. Petitioners failed to introduce any evidence in the nature of cancelled checks, invoices or receipts which would substantiate these deductions. [9] Nevertheless, since petitioner reported substantial *355 income from his law practice in both years, by necessity some supplies must have been purchased. In light of petitioner's reported receipts from his law practice in excess of $40,000 in each of the years in question, and again applying the rule of he Cohan case, supra, we find that petitioner expended $411 for supplies in 1974 and $460 in 1975, which amounts are deductible as business expenses under sec. 162. Dues
Petitioners claimed expenses for 1974 and 1975 dues in the respective amounts of $1,059 and $2,197. Respondent limited these deductions to $175 and $195, respectively. Petitioner testified that these amounts are interrelated to the expenses petitioners claimed for promotion. No other proof on this issue was introduced. Given this sketchy testimony and the absence of other proof in connection with these deductions, we sustain respondent's *356 allowance of $175 and $195 as deductions for dues paid in 1974 and 1975, respectively. Costs
Respondent limited a $3,283.92 "cost" expenses claimed by petitioner for 1975 to $991.70. Petitioner presented no evidence other than his own testimony that these amounts represented fees for filing and recording, and that he was entitled to a larger amount. Normally, such items would be paid on behalf of clients and reimbursed by them. In the absence of countervailing proof, respondent's determination is sustained. Sec. 6651(a) Addition to Tax
Petitioners acknowledge that their return for 1975 was not timely filed. According to the date of receipt stamped on that return, it was not filed until October 1, 1976. Petitioners have the burden of proving that their failure to file a return for 1975 was due to reasonable cause. Lee v. Commissioner, 227 F.2d 181 (5th Cir. 1955), affg. a Memorandum Opinion of this Court. At trial no evidence was presented on this issue. In their reply brief petitioners stated that the failure to timely file was "due to illness and difficulty in locating records, since the petitioner, Thomas R. Sullivan moved his office in *357 1974." This statement does not constitute evidence and clearly cannot support a finding of reasonable cause in order to preclude imposition of the penalty under the statute. We hold that petitioner is liable under sec. 6651a) for the 25 percent penalty for failure to file a required return. Sec. 6653(a) Addition to Tax
Respondent determined that petitioner's underpayment of tax in 1974 and 1975 was due to negligence or the intentional disregard of rules and regulations and imposed the five percent addition to tax authorized by sec. 6653(a). Petitioners have the burden of proving that respondent's determination of a sec. 6653(a) penalty is erroneous. Ritchie v. Commissioner, 72 T.C. 126 (1979). Petitioners presented no evidence on this issue. Aside from any mere failure of proof on petitioners' part, the facts of this case amply demonstrate negligence or intentional disregard of rules and regulations. The underpayments of tax here are, for the most part, attributable to deductions for which petitioners offered little or no proof at trial. As an attorney, petitioner should have been aware of the obligation imposed by sec. 6001 and the regulations thereunder *358 to maintain adequate books and records. [10] The consistent pattern of overstating allowable deductions evinces, at least, negligence or the intentional disregard of rules and regulations by petitioners. Accordingly, we hold that petitioners are liable for the addition to tax under sec. 6653(a). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, except as otherwise expressly indicated.↩
*. Petitioners have conceded that respondent's determination with respect to the deductions claimed in 1975 for office and interest expenses is correct. Petitioners have also conceded that they failed to report $377.09 in income for 1975 as their pro rata share of undistributed taxable income from a Subchapter S corporation.↩
2. Petitioners have not argued that any of the hearsay exceptions contained in Rules 803 and 804, Federal Rules of Evidence↩, are applicable.
3. Amounts petitioner claimed as deductions for membership in these clubs were listed as dues on the 1974 and 1975 returns and will be discussed separately in this opinion.↩
4. Petitioners submitted cancelled checks totaling $445.70 payable to Roman Terrace, and $1,289.44 payable to Twin Beach Country Club. ↩
5. Cohan v. Commissioner, 39 F.2d 540↩ (2d Cir. 1930). 6. As we have found that petitioner have failed to comply with the substantiation requirements of sec. 274(d), it is unnecessary to discuss the substantive requirements of sec. 274(a) with respect to the social events. The sec. 274(a) requirements would not apply to the expenses claimed for lunches. Sec. 274(e)(1).↩
7. The allowable medical deductions for both years will turn on the respective amounts of adjusted gross income as reflected by the findings in this opinion.↩
8. These checks were payable to: Para-Legal Record, the Legal Advertiser, Detroit Edison, Postmaster, Michigan Bell Telephone Company, the Deputy Sheriff, one Joanee Kinelly, and Metropolitan Moving and Trucking.↩
9. One check in the amount of $382.72 payable to Sound Application was submitted. Petitioner testified that a payment in the amount of $156 to Sound Application was made in order to repair his tape recorder. However, in the absence of the repair invoice, we cannot find that this check substantiates that claimed repair.↩
10. Lanier v. Commissioner, T.C. Memo. 1966-14↩.